# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GRAVES,

                Plaintiff,

v.

JOHN WETZEL, *et al.*,

                Defendants.

Civil Action No. 15-cv-205 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION.

     Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter (Doc. No. 38), which recommends that the Motion to Dismiss filed by Defendants Wetzel, Ferdarko, and Overymyer (Doc. No. 14) be granted. After reviewing the Report and Recommendation, Plaintiff's Objections, and the relevant filings, the Court ADOPTS Magistrate Judge Baxter's Report and Recommendation in its entirety.

     Plaintiff, a *pro se* federal inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion), brings this action against prison officials for alleged Eighth Amendment violations relating to health issues affecting his legs and knee. (Doc. No. 3.) Plaintiff alleges that Defendant Nurse O'Rourke provided inadequate care, and that Defendants Ferdarko, Overmyer, and Wetzel violated Plaintiff's rights by denying his administrative grievance and appeals. (*Id.*) Defendants Ferdarko, Overmyer, and Wetzel move to dismiss on the grounds that Plaintiff failed to allege their personal involvement in anything other than their participation in the grievance process.

1

Magistrate Judge Baxter recommends granting the Motion, and Plaintiff's Objection does not challenge her analysis.[1]

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When a supervisory official is sued in a civil rights action, liability can be imposed only if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Here, the Complaint only alleges that the three Defendants were involved in the grievance stage. The denial of a grievance does not amount to an affirmative contribution to the alleged misconduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).

---

[1] Instead, Plaintiff requests Defendant O'Rourke's contact information so that he can properly serve his complaint on her. An Objection to a Report & Recommendation discussing a Motion to Dismiss filed by other defendants is not the appropriate medium for that request.

Accordingly, it is hereby ordered that:

(1) The Report and Recommendation is adopted;

(2) The Motion to Dismiss filed by Defendants Ferdarko, Overmyer, and Wetzel is granted;

(3) The Clerk of the Court shall send copies of this Order to the parties.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2017.

*Barbara J Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge